_____

No. 95-3482
_____

Rebecca Caviness,                    *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Nucor-Yamato Steel Company,          *
                                     *
          Appellant.                 *
                                     *
Sally Parks, Deborah Gee,            *
                                     *
          Intervenors.               *    Appeals from the United States
----------------------               *    District Court for the
                                     *    Eastern District of Arkansas.
Sally Parks,                         *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Nucor-Yamato Steel Company,          *
                                     *
          Appellant.                 *
                                     *
Deborah Gee,                         *
                                     *
          Intervenor.                *

_____

No. 95-3583
_____

Rebecca Caviness,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *
                                     *
Nucor-Yamato Steel Company,          *
                                     *
          Appellee.                  *
                                     *
Sally Parks, Deborah Gee,            *
                                     *
          Intervenors.               *
----------------------               *

```
                                      *
Sally Parks,                          *
                                      *
          Appellant,                  *
                                      *
     v.                               *
                                      *
Nucor-Yamato Steel Company,           *
                                      *
          Appellee.                   *
                                      *
Deborah Gee,                          *
                                      *
          Intervenor.                 *
                          _____
```

                    Submitted:  September 9, 1996

                       Filed:  January 29, 1997
                          _____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.
                          _____

BOWMAN, Circuit Judge.


     Nucor-Yamato Steel Company (NYS) appeals from the judgments entered by the District Court on Rebecca Caviness's and Sally Parks's claims that they were subjected to illegal sexual harassment resulting in a hostile environment at the NYS steel plant where they worked. Caviness conditionally cross-appeals, contending that the court erred in granting summary judgment to NYS on her claim of discriminatory failure to hire, and asking us to consider her argument only if NYS prevails on its appeal of the judgment in her favor on her claim of sexual harassment. For the reasons discussed below, we reverse and remand.

                                I.


     Parks was an employee at NYS's steel plant in Blytheville, Arkansas, from 1988 to 1992. Caviness was a contract employee for NYS in Blytheville from December 1990 to November 1991. Both women

brought suit under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, alleging that they were discriminated against on the basis of sex, including suffering cumulative sexual harassment that amounted to a hostile work environment. It is unnecessary for us to get into the details of the allegations of sexual harassment, but suffice it to say that the record is replete with evidence from which a jury could conclude, as it did, that the NYS plant in Blytheville was a decidedly harsh environment for female employees, especially for Caviness and Parks, and that NYS was in violation of Title VII.

Before trial, the District Court granted summary judgment to NYS on Caviness's claim of discriminatory failure to hire. A jury heard the remaining claims of both women, acting only in an advisory capacity as to Caviness's claims because the actions she alleged occurred before the federal sex discrimination laws permitted jury trials. The jury found for NYS on Parks's claim of discriminatory failure to promote and the court dismissed that claim with prejudice. (The dismissal has not been appealed and may not be revisited on remand.) The jury found for Parks on her claim of sexual harassment, awarding her $200,000 in compensatory damages and $50,000 in punitive damages. The jury advised judgment for Caviness on her sexual harassment claim and an award of damages in the amount of $51,000. The District Court entered judgment for the plaintiffs in accordance with the jury's determinations.

For its appeal, NYS claims the District Court erred in four ways: retroactively applying the Civil Rights Act of 1991; submitting Parks's claim for punitive damages to the jury; giving improper jury instructions; and mishandling, after the verdict, NYS's allegations of juror misconduct. For her conditional cross-appeal, Caviness contends the court erred in granting summary judgment to NYS on her claim of discriminatory failure to hire.

II.

Title VII of the Civil Rights Act of 1964 was amended by the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071. Until November 1991, only equitable remedies were available to victims of discrimination under Title VII. See Landgraf v. USI Film Prods., 511 U.S. 244, 252 (1994). Section 102 of the 1991 Act, however, now makes it possible for a successful plaintiff "to recover compensatory and punitive damages for certain violations of Title VII." Id. at 247; see also 42 U.S.C. § 1981a(a) (1994). "Section 102 confers a new right to monetary relief on persons . . . who were victims of a hostile work environment but were not constructively discharged, and the novel prospect of damages liability for their employers." Landgraf, 511 U.S. at 283. After considering whether the amendments should apply to cases pending on the effective date of the 1991 Act, November 21, 1991, the Supreme Court in Landgraf held that § 102 does not apply retroactively. See id. at 286. That is, compensatory and punitive damages are not available to plaintiffs for violations of Title VII occurring before November 21, 1991. NYS argues that § 102 was improperly applied retroactively here. We agree.

A.

We first consider the $51,000 award to Caviness on her claim of sexual harassment. The jury in this case "advised" a monetary award of $51,000 for damages to Caviness that included, according to the verdict form, pain, suffering, and mental anguish, all decidedly compensatory damages. But all of Caviness's claims arose before November 1991, when she stopped working at NYS, and therefore before compensatory damages were available to plaintiffs in Title VII cases. The District Court nevertheless entered judgment for Caviness in the amount of $51,000 "[p]ursuant to the jury verdicts in these cases," although the court did not specify whether said damages were equitable, compensatory, or punitive.

-4-

<u>Caviness v. Nucor-Yamato Steel Co.</u>, Nos. J-C-92-23, J-C-93-140 (filed Feb. 21, 1995). In its subsequent order denying NYS's motion for new trial, the court circumvented <u>Landgraf</u>'s prohibition against applying § 102 retroactively by recharacterizing the $51,000 in damages awarded to Caviness, finding she was "entitled to backpay as a form of equitable relief." <u>Caviness v. Nucor-Yamato Steel Co.</u>, Nos. J-C-92-23, J-C-93-140, Order at 14 (filed Aug. 28, 1995). The court erred.

As noted above, the recovery of monetary damages by successful plaintiffs on claims of discrimination under Title VII before the 1991 Act was limited to equitable forms of relief, such as backpay, and the circumstances under which such monetary equitable relief was available were likewise limited. "[E]ven if unlawful discrimination was proved, under prior [pre-November 1991] law a Title VII plaintiff could not recover monetary relief unless the discrimination was also found to have some concrete effect on the plaintiff's employment status, such as a denied promotion, a differential in compensation, or termination." <u>Landgraf</u>, 511 U.S. at 254. Sexual harassment occurring before November 1991 ordinarily does not have the sort of concrete economic effect required for the recovery of money damages under Title VII. The exception would be sexual harassment that resulted in constructive discharge, that is, a resignation by the plaintiff that was "a reasonably foreseeable consequence of [the employer's] discriminatory actions." <u>Hukkanen v. International Union of Operating Eng'rs, Hoisting & Portable Local No. 101</u>, 3 F.3d 281, 285 (8th Cir. 1993). In that case, backpay (and front pay) would be potential remedies. But in the absence of constructive discharge, a plaintiff subjected to sexual harassment, no matter how egregious, is not "made whole" by the equitable remedy of backpay.

Caviness does not allege constructive discharge, but contends on appeal that she was actually discharged by NYS. It is not clear

how the alleged actual discharge now becomes not only a part of Caviness's claim of sexual harassment but the justification for an award of damages on that claim. The District Court at trial specifically excluded evidence of Caviness's alleged discriminatory discharge, since she did not raise such a claim in her complaint. She does not appeal the court's evidentiary ruling on her allegations of discharge and cannot now claim that the court's award of "backpay" was based on her actual discharge. Further, NYS received summary judgment on Caviness's claim of failure to hire, so it too was not before the court. Because Caviness proved no "concrete effect on [her] employment status" as the result of the sexual harassment she suffered, she is not entitled to backpay.

The $51,000 in backpay awarded to Caviness on her claim of sexual harassment is reversed.

B.

The next issue is whether compensatory damages were properly awarded Parks on the jury's finding of unlawful sexual harassment. NYS would have us vacate the entire award because some of the harassment complained of occurred before the effective date of the 1991 Act, and the court did not give the jury an instruction or a verdict form requiring it to limit damages to post-Act conduct. We agree that the court erred, but we decline NYS's invitation to vacate Parks's damages in toto and then to leave it at that.

We first must consider the argument that NYS did not properly preserve its claim of instructional error. At the instruction conference, counsel for NYS advised the court that "there should be an instruction and a verdict form which distinguishes [sic] between alleged damages after the 1991 Civil Rights Act for Mrs. Parks." Transcript at 1224. Counsel did not, however, give the court a proposed instruction that would have limited damages to post-Act conduct. "In order to properly preserve a claim of instructional

-6-

error for appellate review, a party is not only required to make a sufficiently precise objection before the district court, but it must also propose an alternate instruction." Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095, 1104 (8th Cir. 1996) (citations omitted).  Because NYS did not proffer a proposed limiting instruction, "the claim is waived, and we will reverse only if the district court's instructions constitute plain error." Id.  That is, the failure to give an instruction incorporating the Landgraf rule will warrant a new trial only if it is error affecting substantial rights, the error is plain, and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Wright v. Nichols, 80 F.3d 1248, 1252 (8th Cir. 1996) (quoting United States v. Olano, 507 U.S. 725, 736 (1993) (quoted case omitted)) (alteration in Olano).

The instruction that was given was not a correct statement of the law under Landgraf, because Parks cannot recover compensatory damages for pre-November 1991 harassment.  See Polacco v. Curators of the Univ. of Mo., 37 F.3d 366, 370 (8th Cir. 1994)).  There is no question that this is error and, because Landgraf was decided well before the trial in this case and its holding as to retroactivity is unequivocal, the error is plain.  But we will not correct even plain error on appeal unless it "prejudiced [NYS], either specifically or presumptively." Olano, 507 U.S. at 739.  We hold that NYS was specifically prejudiced by the erroneous instruction.

Parks had an indisputable "straddle" claim--the harassment began in 1988 and continued until Parks terminated her employment with NYS in 1992. The jury was not instructed that it could award damages only for NYS's illegal actions occurring after November 21, 1991, and the verdict form did not require the jury to limit damages based on the date of the unlawful conduct.  There is no way for anyone to determine, without pure speculation, what part of the $200,000 in compensatory damages awarded to Parks is for post-

November 1991 illegal activity and thus may be sustainable.  We think, given the circumstances of this case, that the failure to give a limiting instruction not only was plain error but was so clearly prejudicial that it must be corrected.  Accordingly, we vacate the award of compensatory damages and remand for a new trial.

C.

Parks also was awarded $50,000 in punitive damages, which NYS challenges.  Punitive damages have been available since the effective date of the 1991 Act to the victim of unlawful sexual harassment who "demonstrates that the [employer] engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. § 1981a(b)(1) (1994).

Parks's punitive damages award suffers from the same instructional error as her compensatory damages award with regard to the "straddle" nature of the claim.  Some of the actions allegedly warranting an award of punitive damages occurred before the effective date of the 1991 Act, some after.  No limiting instruction was given to the jury, and none was proffered by NYS.  Nevertheless, for the reasons discussed above, this was plain error requiring reversal.[1]  The award of punitive damages to Parks is

_____

[1]Parks would have us hold that the sexual harassment found by the District Court was a "continuing violation," and then affirm the award of compensatory and punitive damages as for the entire course of conduct.  We are not familiar with any Eighth Circuit law where the concept of continuing violation, ordinarily associated with statutes of limitations issues, has been employed to overcome a non-retroactivity rule.  In any case, it is clear that we would violate the express teaching of the Supreme Court if we so held.  See Landgraf v. USI Film Prods., 511 U.S. 244, 282 (1994) ("[T]he new compensatory damages provision would operate `retrospectively' if it were applied to **conduct occurring** before November 21, 1991.") (emphasis added).  The harassing conduct in this case straddled the effective date of the 1991 Act, so while it was "continuing" in that sense, it nevertheless consists of discrete acts whose dates of occurrence can be pinpointed with reasonable certainty.

-8-

vacated.  Because a new trial will be necessary, and the evidence adduced at the new trial may differ from that adduced at the first trial, we do not reach NYS's claim that Parks's evidence was insufficient to warrant the submission of her punitive damages claim to the jury.

D.

The question remains whether on remand there should be a new trial on liability, or only on damages.  First, we note that the finding of liability on Caviness's sexual harassment claim stands, but because that liability was entirely for pre-1991 Act conduct, the question of damages shall not be revisited on remand.  As a matter of law, Caviness is not entitled to recover damages on this claim.  With respect to Parks's "straddle" claim, we conclude that the liability and damages issues are so factually intertwined that the new trial must address both issues.  See Hallberg v. Brasher, 679 F.2d 751, 758 (8th Cir. 1982); see also American Road Equip. Co. v. Extrusions, Inc., 29 F.3d 341, 345 n.3 (8th Cir. 1994). Accordingly, as to Parks we vacate the judgment of the District Court in its entirety.

III.

NYS raises several additional issues in its appeal.  Because we are remanding this case for a new trial, the challenge to the District Court's handling of allegations of improper third-party contact with a juror is moot.  We will address briefly the remaining contentions, however, all of which concern instructional error that may reappear in the new trial. Having considered the claims of error, we offer these thoughts.

The challenged instruction is the verdict director for the plaintiffs' sexual harassment claims. It seeks to define the elements of a Title VII claim for sexual harassment resulting in a hostile work environment.[2] Instruction 16 was read to the jury as follows:

Your verdict must be for the Plaintiff Sally Parks on her sexual harassment claim and your verdict must be for the Plaintiff Rebecca Caviness on her sexual harassment claim, if all of the following elements have been proved by a preponderance of the evidence:

First, that Plaintiff was subject to a sexually hostile work environment, including a lack of bathroom facilities, sexual jokes and innuendos, demeaning pictures and posters, vulgar language on the radio, et cetera;

Second, that such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's circumstances would find the work environment to be hostile or abusive as to alter Plaintiff's conditions of employment;

Third, based upon such conduct, Plaintiff perceived her work environment to be hostile or abusive; and

Fourth, that the Defendant, Nucor-Yamato Steel Company, knew or should have known of the conduct to which Plaintiff was subjected and that Defendant failed to take appropriate action to end the conduct to which Plaintiff was subjected.

If any of the above elements have not been proved by a preponderance of the evidence, your verdict must be for

---

[2]There appears to be some misconception, evident at various stages of the trial and also on appeal, concerning this Court's role in promulgating or approving the Eighth Circuit Model Jury Instructions. (The District Court relied on a draft of the model instructions when formulating some of the instructions given in this case.) These instructions are drafted by a committee. No member of this Court participates in the work of that committee. We do not promulgate these instructions, and "[w]e `approve' of the model instructions only as they are individually litigated and upheld by this court on a case-by-case basis." United States v. Ali, 63 F.3d 710, 714 n.3 (8th Cir. 1995).

-10-

the Defendant and you need not proceed further in considering this claim.

You must apply these elements to the facts surrounding each Plaintiff's claims. Your verdict as to one Plaintiff should not affect your verdict as to the other.

Transcript at 1232-33.

NYS first asserts that the instruction improperly commented on the evidence by enumerating some of the incidents and conditions of employment to which Parks and Caviness claimed to have been subjected.

It has long been the rule that "under the Federal practice the trial judge may in his charge comment on the evidence fairly and impartially, more clearly to define the issues and assist the jury in reaching a correct conclusion." Davis v. R.K.O. Radio Pictures, Inc., 191 F.2d 901, 905 (8th Cir. 1951); accord United States v. Dunmore, 446 F.2d 1214, 1218 (8th Cir. 1971) ("While a federal trial judge is permitted to comment on the evidence and witnesses in his instructions to the jury, he must studiously avoid one-sidedness.") (citations omitted), cert. denied, 404 U.S. 1041 (1972). Apparently judicial comment on the plaintiff's evidence is not only permitted but is the practice in the district courts of this Circuit in framing instructions in sexual harassment cases. See, e.g., Gillming v. Simmons Indus., 91 F.3d 1168, 1171 (8th Cir. 1996) (quoting verdict director that recited examples of the plaintiff's proof of the illegal conduct). NYS's concern, and ours, is that Instruction 16 may have placed "undue emphasis" on plaintiffs' evidence, Tyler v. Hot Springs Sch. Dist. No. 6, 827 F.2d 1227, 1231 (8th Cir. 1987), because there were no comments in the instructions on NYS's countervailing evidence, at least as to the harassment claims. In Instruction 13 the court did set forth NYS's primary defense on the claims: that the company denies subjecting Caviness and Parks to a sexually hostile work

environment.  See Transcript at 1231.  NYS apparently did not proffer an instruction that included a more explicit defense than denial, although some specifics were incorporated into the jury instruction that set forth NYS's defense on Parks's claim of discriminatory failure to promote.  See id. at 1231 ("The Defendant denies this charge.  Specifically it claims that it did not promote or transfer Plaintiff because she was not the most qualified candidate for the promotions or transfers she sought.").  There was, however, some countervailing evidence adduced as to some of the examples of harassment the court cites in Instruction 16, which might appropriately have been included in an instruction.

We hesitate to say much more about this issue, as we recognize that a district court has significant discretion to formulate instructions in a jury trial, see Slathar v. Sather Trucking Corp., 78 F.3d 415, 418 (8th Cir.), cert. denied, 117 S. Ct. 179 (1996), and such decisions are best made in that forum on an ad hoc basis.  Moreover, we have our doubts, after considering the instructions as a whole, that any error based on Instruction 16's recitation of some of plaintiffs' evidence would be so prejudicial as to be reversible, see Vanskike v. ACF Indus., Inc., 665 F.2d 188, 202 (8th Cir. 1981), cert. denied, 455 U.S. 1000 (1982), especially when NYS did not offer an instruction that would have balanced the language in Instruction 16 that it finds objectionable.  We simply caution the District Court to be mindful on retrial of placing "undue emphasis" on one party's evidence.

NYS also alleges that Instruction 16 misstates the law because it does not properly instruct the jury on the elements of a sexual harassment-hostile work environment claim.  That is, it does not specifically require the jury to find that the harassment was based on Parks's and Caviness's sex or that it was unwelcome in order to find for the plaintiffs.

The elements of a claim of sexual harassment resulting from a hostile work environment are well-established in this Circuit. In order to prevail, a plaintiff must prove:

> (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) [the employer] knew or should have known of the harassment and failed to take proper remedial action.

Kopp v. Samaritan Health Sys., Inc., 13 F.3d 264, 269 (8th Cir. 1993) (quoting Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 564 (8th Cir. 1992)) (alteration by this Court). Instruction 16 is missing the specific requirements that, in order to find for the plaintiffs, the jury must find that the conduct complained of was based on Parks's and Caviness's sex and that it was unwelcome. This was error. Nonetheless, it is crystal clear from the record that many of the illegal actions alleged in this case were taken because the plaintiffs were women, and there are references to "sexual" harassment throughout the instructions, including one in Instruction 16. Further, it stretches credulity to conceive that a reasonable jury might have thought Parks and Caviness welcomed from their co-workers the conduct detailed in the evidence at trial. Thus, when we consider the instructions as a whole, we do not believe the missing elements constitute reversible error. See May v. Arkansas Forestry Comm'n, 993 F.2d 632, 637 (8th Cir. 1993) ("[A] single erroneous instruction does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury."). Nevertheless, the omissions should be remedied in the instructions on remand.

IV.

Caviness conditionally cross-appeals from the grant of summary judgment in favor of NYS on her Title VII claim for discriminatory

failure to hire.  Because we have held that she is not entitled to damages on her claim of sexual harassment and have reversed the money judgment that she won in the District Court, we now take up her appeal.

We review the grant of summary judgment de novo, applying the same standard as the District Court.  See Chance Management, Inc. v. South Dakota, 97 F.3d 1107, 1110 (8th Cir. 1996), petition for cert. filed, 65 U.S.L.W. 3468 (U.S. Dec. 20, 1996) (No. 96-995).  We will affirm only if we are convinced that there are no genuine issues of material fact on Caviness's sex discrimination claim and that NYS is entitled to judgment as a matter of law.  See id.; Fed. R. Civ. P. 56(c).  We view the facts in the light most favorable to Caviness and give her the benefit of all reasonable inferences.  See Smith v. City of Des Moines, 99 F.3d 1466, 1469 (8th Cir. 1996).

The District Court held that Caviness could not prove a prima facie case that NYS failed to hire her on account of her sex.  On appeal, Caviness contends that she demonstrated genuine issues of material fact on the elements of her prima facie case so as to survive NYS's motion for summary judgment.

To make out a prima facie case under Title VII for discriminatory failure to hire, the plaintiff must be able to prove "1) that she is a member of a protected class; 2) that she applied and was qualified for a job for which the employer was seeking applicants; 3) that she was rejected; and 4) that after rejecting plaintiff the employer continued to seek applicants with plaintiff's qualifications."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).  There is no dispute here about the first and third elements of the prima facie case:  Caviness is a female, a member of a protected class, and NYS did not hire her.  The District Court concluded, and NYS argues in response to the cross-appeal, that Caviness cannot show a fact dispute about the second

-14-

element--"that she applied and was qualified for a job for which the employer was seeking applicants," id.--because she never applied for the jobs at issue.

Caviness was a contract employee while she worked at the NYS plant, first for Daniels Construction and then for Scheuck Steel, but she was always under the direct control and supervision of NYS employees. She submitted bids for two job openings at the plant, but did not complete an application for either. One of the jobs, that of bundle turner, went to a male NYS employee who had not submitted a bid for it (in fact, no one except Caviness bid for the job); the male in question was a new employee whom NYS sought out to fill the job. Caviness, who had been doing the bundle turner job temporarily for six months at the time it officially became a job opening, helped train the transferee. The other position, an inspector job previously held by the transferred employee, was eliminated, apparently at the suggestion of the all-male inspector crew. A few months later, and two months after Caviness stopped working at the plant, a man from outside the company was hired to fill a resurrected inspector position.

NYS contends that Caviness did not apply for either job, because "bidding" on jobs was open only to NYS employees. We conclude, however, that it is for a fact-finder to decide whether Caviness's status as a contract laborer in the plant, working under the supervision of NYS employees, gave her the option of bidding for jobs. Even if it did not, there remains the factual question whether Caviness's bids would qualify as applications.

NYS also argues that Caviness cannot establish any fact question about the fourth element of her case, at least as to the inspector position, because the company did not continue to seek applicants for the job, but eliminated it altogether. We conclude, however, that the job's reappearance a few months later raises a fact question relevant to Caviness's proof of her claim.

-15-

We believe the District Court erred in holding that genuine issues of material fact do not exist regarding Caviness's claim of discriminatory failure to hire.  Accordingly, we reverse the summary judgment for NYS on this claim and remand for trial.

V.

To summarize:  (1) the monetary award to Caviness on her claim of sexual harassment is reversed; (2) the judgment for Parks on her claim of sexual harassment is vacated; (3) the grant of summary judgment for NYS on Caviness's Title VII claim of discriminatory failure to hire is reversed; and (4) the case is remanded for a new trial on Parks's claim of sexual harassment and for trial on Caviness's Title VII claim of discriminatory failure to hire.

BRIGHT, Circuit Judge, concurring separately.

I concur in the result.  I disagree, however, with the criticism of the district court's jury instructions.  In my view, the trial court properly instructed the jury.  When reviewing jury instructions, this court must view the instructions as a whole, and if the instructions as a whole are fair and not unduly suggestive, we should refrain from being overly critical.  See Gillming v. Simmons Indus., 91 F.3d 1168, 1171 (8th Cir. 1996).

In this case, the district court's jury instructions included the following:

Instruction No. 13:

It is unlawful for an employer to intentionally refuse to transfer or promote any person or otherwise discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's sex. The Plaintiff in this case, Sally Parks, claims that Defendant Nucor-Yamato Steel Co. intentionally discriminated against her because of her sex by failing to transfer or promote her

-16-

to certain positions within its workplace. The Defendant denies this charge. Specifically it claims that it did not promote or transfer plaintiff because she was not the most qualified candidate for the promotions or transfers she sought. It is your responsibility to decide whether the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence.

It is also unlawful for an employer to allow its employees to be subjected to a sexually hostile workplace. Plaintiff Sally Parks and Plaintiff Rebecca Caviness both claim that Defendant Nucor-Yamato Steel Co. subjected them to such a sexually hostile workplace. The Defendant denies these charges. It is your responsibility to decide whether Plaintiff Parks and Plaintiff Caviness have proven their claims against the Defendant by a preponderance of the evidence.

Jt. App. at 200.

Instruction No. 17:

In determining whether a reasonable person in the plaintiffs' circumstances would find the plaintiffs' work environment to be hostile or abusive, you must look at all the circumstances. The circumstances may include the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with the plaintiffs' work performance; and the effect on plaintiffs' psychological well-being. No single factor is required in order to find a work environment hostile or abusive.

Jt. App. at 212.

Instruction No. 16:

Your verdict must be for the Plaintiff Sally Parks on her sexual harassment claim and your verdict must be for the Plaintiff Rebecca Caviness on her sexual harassment claim, if all of the following elements have been proved by a preponderance of the evidence:

First, that Plaintiff was subject to a sexually hostile work environment including a lack of bathroom

-17-

facilities, sexual jokes and innuendo, demeaning pictures and posters, vulgar language on the radio, etc.

Second, that such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's circumstances would find the work environment to be hostile or abusive as to alter Plaintiff's conditions of employment;

Third, based on such conduct, Plaintiff perceived her work environment to be hostile or abusive; and,

Fourth, that the Defendant, Nucor-Yamato Steel Company, knew or should have known of the conduct to which plaintiff was subjected and that Defendant failed to take appropriate action to end the conduct to which plaintiff was subjected.

If any of the above elements have not been proved by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

You must apply these elements to the facts surrounding each Plaintiff's claims. Your verdict as to one Plaintiff should not affect your verdict as to the other.

Jt. App. at 213.

Mentioning the specific allegations of sexual harassment in the verdict director was not improper. Cf., Gillming, 91 F.3d at 1171 (quoting and upholding jury instructions including specific allegations of sexual harassment). The allegations may be mentioned either in the introduction to the jury instructions or in the verdict director. I believe the district court's inclusion of the Plaintiffs' allegations of sexual harassment could have been included in Instruction No. 13 or in Instruction No. 16. In either case, the instructions would be appropriate. The instructions as a whole make abundantly clear to the jury that the Plaintiffs must carry the burden of proof by a preponderance of the evidence on all relevant issues relating to establishing sexual harassment.

Moreover, the Defendant did not propose any proper alternative instructions.[3]

---

[3]An example of improper and misleading instructions is the defendant's proffered Instruction No. 7:

The Act under which Plaintiff brings this lawsuit, Title VII of the Civil Rights Act of 1964, as amended, forbids discrimination against an employee because of the employee's sex. The Act does not, for purposes of this lawsuit, forbid any other type of discrimination, nor does it forbid any other action or inaction by Nucor-Yamato relative to Plaintiff.

The Act does not state that being female entitles employees to special favorable consideration; nor is it equivalent to an affirmative action program to promote or hire a certain number of female employees. The Act requires that a female employee not be the subject of discrimination because of her sex. The Act does not seek to affect employer decisions based on the employer's individual assessments of a person's abilities, capabilities, or potential, or the employer's needs.

The basic principle is that an employer is entitled to refuse or fail to promote or advance an employee for good cause, poor cause, or no cause at all, so long as the reason is not the employee's sex. You must bear in mind that an employer is entitled to make its own subjective business judgments, however misguided and shortsighted they may appear to you, and may refuse to promote an employee for any reason that is not discriminatorily based on sex. An employer may refuse to promote an employee who is performing poorly, or may even refuse to promote an adequate employee because the employer believes that another person could do the job better. It is the employer who must be satisfied with the employee's performance, and unsatisfactory performance means unsatisfactory as evaluated by the employer. Your concern is not whether the promotion decision reflected an objective fact finder's judgment of an employee's abilities or whether it was a wise business judgment or whether you would have done the same thing had you been in the employer's shoes. You are asked only to decide whether the employer's refusal to promote Plaintiff was because of her sex. Thus, if you should find that sex was not a determining factor in the refusal

I believe the district court correctly and properly instructed the jury.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

to promote Plaintiff, then you must render a verdict for Defendant on these issues even though you might feel the failure to promote was unreasonable, arbitrary, or unfair.

Jt. App. at 224-25. The foregoing does not instruct the jury on the law, but rather amounts to an argumentative essay. The district court properly rejected this instruction.