Ann WALKER, Plaintiff–Appellee,

v.

AT & T TECHNOLOGIES, dba AT & T Consumer Products, dba AT & T Phone Center, Inc., Defendant–Appellant.

No. 92–2098.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1993.

Decided June 14, 1993.

---

Charles C. Jackson, Chicago, IL, argued, for defendant-appellant.

Robert V. Broom, Omaha, NE, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

AT & T appeals from a judgment in favor of Ann Walker on her Age Discrimination in Employment Act claim, 29 U.S.C. §§ 621–634 (1988), which she brought following AT & T's promotion of a younger employee to the position of phone center manager. The jury found that AT & T had willfully discriminated against Walker because of her age, and awarded backpay. The district court awarded front pay, liquidated damages, and prejudgment interest. AT & T primarily argues: (1) that Walker failed to present evidence from which a reasonable jury could conclude that her age was a determining factor in the promotion decision; and (2) that the district court's refusal to give a "business judgment" jury instruction was prejudicial, reversible error. We conclude that on this record the district court's failure to give a "business judgment" instruction was prejudicial error. Accordingly, we reverse and remand for a new trial.

Ann Walker was born in 1936, and worked as a sales associate at the AT & T Omaha Phone Center. Beginning in 1980, Walker's supervisors continuously rated her as promotable, and frequently gave her "in charge" responsibilities (managing the store when the actual manager was absent), including responsibility for a service center store for one year. In September 1988, a temporary managerial position became available. Walker applied for the position, but Tom Westman, the store manager and Walker's supervisor, recommended another employee, Sue Hopkins (age thirty-seven), for the position. Although Westman had evaluated both Walker and Hopkins highly during the past five years, Westman stated that he gave Hopkins "the edge" because she was a "little bit better" communicator and worker.

The company's procedures required that Karen Smith, the acting zone manager, "verify" Westman's recommendation. Smith interviewed both Walker and Hopkins, and later told Walker that Hopkins had been chosen as the new store manager because Westman had announced that he was leaving. She offered the temporary management position to Walker, but Walker declined and filed this suit alleging age discrimination. Walker also refused several other store manager positions in different localities.

At trial, several of Walker and Hopkin's co-employees testified that Walker was more comfortable with customers and had a better general knowledge of the store and merchandise. They also expressed surprise at the decision to promote Hopkins instead of Walker.

During the instructions conference, AT & T objected to the court's general age discrimination instruction and proposed that the court instruct the jury regarding an employer's right to make business decisions absent intentional age discrimination. The district

court rejected AT & T's proposed instruction because it believed its instructions were sufficient. The jury found that AT & T had willfully discriminated against Walker because of her age, and AT & T appealed.

## I.

■ AT & T argues that Walker did not present sufficient evidence for a jury to conclude that her age was a determining factor in AT & T's decision. AT & T, however, failed to file a motion for judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b), 28 U.S.C. (1988). As Walker points out, this failure strictly limits our review of the sufficiency of the evidence. *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1353 (8th Cir.1988); *Shell v. Missouri Pac. R.R.*, 684 F.2d 537, 540 (8th Cir. 1982). Ordering a new trial is therefore the only relief available on appeal. *Total Petroleum, Inc. v. Davis*, 788 F.2d 476, 479 (8th Cir.1986).

AT & T requests that we order a new trial and direct that summary judgment be entered in its favor. We, however, do not reach this issue because our holding in section II requires that we remand for a new trial. The evidence on retrial may differ from that in this trial, and the sufficiency of the evidence must be determined on that record.

## II.

■ AT & T argues that the district court erred in refusing to give a business judgment instruction. At the instructions conference, AT & T properly objected to the court's general age discrimination instruction and proposed an alternate instruction that included language about an employer's right to make business judgments:

... It is not unlawful for an employer to assign work to an employee, or require that employee to meet certain performance standards or expectations where the action is based on factors other than age. It is not unlawful for an employer to discriminate against an employee because of the employer's view of the employee's capabilities.

...

Put another way, the basic principle is that an employer has the right to assign work to an employee, to change an employee's duties, to refuse to assign a particular job to an employee or even to discharge an employee for good reason, bad reason, or no reason at all absent intentional age discrimination....

The district court, however, rejected this language because it believed its instructions were sufficient with respect to the subject matter. The court instructed the jury that Walker claimed AT & T discriminated against her because of age by promoting Hopkins to the store manager position, and that AT & T denied that it discriminated on account of her age and contended that its decision was made for legitimate, non-discriminatory reasons. The court further instructed:

... Under the Age Discrimination in Employment Act of the United States of America and the Act Prohibiting Unjust Discrimination in Employment because of Age, of the State of Nebraska, it is unlawful for an employer to make an employment decision on the basis of an individual's age when that individual is over 40 years old.

Your verdict must be for plaintiff and against the defendant, American Telephone and Telegraph Company, on the plaintiff's age discrimination claim if both of the following elements have been proved by the plaintiff by the greater weight of the evidence:

First, defendant failed to promote plaintiff; and

Second, plaintiff's age was a determining factor in defendant's decision.

If any of the above elements have not been proved by the greater weight of the evidence, your verdict must be for defendant.

"Age was a determining factor" only if defendant would have promoted plaintiff but for plaintiff's age. It does not mean that age was the sole or exclusive reason for the decision made by defendant.

The court did not instruct on business judgment.

On appeal, "we read the instructions as a whole and consider them in light of the entire charge." *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 731 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). In addition, "the form and language of jury instructions are committed to the sound discretion of the district court so long as the jury is correctly instructed on the substantive issues in the case." *Id.* Finally, if we conclude that the district court erred in failing to give an instruction, we must determine whether the error was prejudicial. *Crues v. KFC Corp.*, 729 F.2d 1145, 1152 (8th Cir.1984); *see also Monahan v. Flannery*, 755 F.2d 678, 683 (8th Cir.1985).

AT & T contends that the district court did not correctly instruct the jury on the substantive issues in the case because it failed to instruct on AT & T's right to make business decisions absent unlawful discrimination. Walker responds that the court's instructions properly stated the law, and "in no way" prejudiced AT & T.

We have not held that it is error for a district court to refuse a business judgment instruction like the one AT & T proposed. Likewise, AT & T does not direct us to any other circuit court that has so held. *Blake v. J.C. Penney Co.*, 894 F.2d 274 (8th Cir.1990), is the closest we have come to addressing this issue.

In *Blake*, the district court instructed the jury that "[a]n employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason that is not discriminatory." *Id.* at 281. J.C. Penney argued that the court should have given its proffered instruction, which was much longer and more detailed. *Id.* We held that the district court did not err because the court's instruction properly stated the law, a litigant is not entitled to specific wording, and J.C. Penney's instruction improperly characterized a fact in the case. *Id.* at 281–82. In support of our determination, we cited two earlier cases: *Neufeld v. Searle Laboratories*, 884 F.2d 335, 340 (8th Cir. 1989) (recognizing that "courts have no business telling Searle how to make personnel decisions, which may be objectively or subjectively based"), and *Bell v. Gas Service Co.*, 778 F.2d 512, 515 (8th Cir.1985) (affirming the district court's grant of j.n.o.v. and reiterating that the intent of ADEA is not to review the correctness of an employer's business decision). In these cases, we recognized that an employer may exercise business judgment in making personnel decisions. *See also Jorgensen v. Modern Woodmen of Am.*, 761 F.2d 502, 505 (8th Cir.1985) (observing that "[t]he ADEA is not intended to be used as a means of reviewing the propriety of a business decision ..."); *Smith v. Monsanto Chem. Co.*, 770 F.2d 719, 723 n. 3 (8th Cir.1985) (recognizing that an employer may develop arbitrary, ridiculous and even irrational policies as long as they are applied in a nondiscriminatory manner), *cert. denied*, 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). The Supreme Court has also stated that "[t]he fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability...." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thus, we conclude that AT & T had the right to have the jury instructed as to this principle of substantive law, particularly on the record before us.

We acknowledge that AT & T's instruction is not a model and it contains excess language. A trial court generally may refuse to give any instruction that is not entirely correct. Nevertheless, when a proposed instruction addresses an issue that is crucial to a fair presentation of the case to the jury, the trial court has the obligation to give an appropriate instruction on that issue, not necessarily in the wording of the proposed instruction. *Emery v. Northern Pac. R.R.*, 407 F.2d 109, 112 n. 3 (8th Cir.1969); *Chicago & N.W. Ry. v. Rieger*, 326 F.2d 329, 334 (8th Cir.), *cert. denied*, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964); *Chicago & N.W. Ry. v. Green*, 164 F.2d 55, 61 (8th Cir.1947); *see also Katch v. Speidel*, 746 F.2d 1136, 1139 (6th Cir.1984); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2552 (1971). AT & T's proposed instruction states the substantive

law that an employer has the right to make business decisions—to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination. The court did not instruct the jury that an employer had a right to make such business decisions. *See, e.g., Blake,* 894 F.2d at 282; Edward J. Devitt et al., Federal Jury Practice and Instructions § 106.02 (Supp.1992) ("You should not find that the decision is unlawful just because you may disagree with the defendant's stated reasons or because you believe the decision was harsh or unreasonable, as long as the defendant would have reached the same decision regardless of plaintiff's age."); The Bar Association of Metropolitan St. Louis, Model Civil Rights in Employment Jury Instructions for the Eighth Circuit § 7.03(a) (1989) ("You should not find that the discharge decision is unlawful just because you may disagree with defendant's stated reasons or you believe the decision was harsh or unreasonable, as long as defendant would have reached the same discharge decision regardless of plaintiff's age."). In failing to do so on this record, the district court erred.

Before we can conclude that reversal is required, we must determine whether that error was prejudicial. *See Crues,* 729 F.2d at 1152; *see also Monahan,* 755 F.2d at 683. The evidence at trial leads us to conclude that it was.

At trial, Walker produced the testimony of a number of co-workers who compared Hopkins unfavorably with Walker. They testified that Walker knew more about the workings of the store, never gave a wrong answer, dealt better with customers, and generated respect. Conversely, they testified that Hopkins had given wrong answers and did not work as well with the customers. All of the co-employees expressed surprise at the decision to promote Hopkins to store manager instead of Walker. In addition, Walker's counsel emphasized the co-workers' comparisons and opinions during closing argument.

With the co-workers' testimony disapproving Hopkins' promotion (driven home in closing argument), we conclude that AT & T was

prejudiced by the district court's failure to instruct the jury on the substantive rule that AT & T was entitled to exercise its business judgment in making the promotion decision. There is no principle of law that requires that a business' decision be popular with employees. As long as the decision is not based on unlawful age discrimination, "the courts have no business telling [companies] ... how to make personnel decisions, which may be objectively or subjectively based." *Neufeld,* 884 F.2d at 340; *see also Bell,* 778 F.2d at 515. Accordingly, we reverse and remand for a new trial.