_____

No. 95-1864
No. 95-2003
_____

Donald A. Slathar,          *
                                        *
    Appellant/Cross-Appellee,   *
                                        * Appeals from the United States
    v.                        * District Court for the
                                        * District of Minnesota.
Sather Trucking Corporation, an  *
Iowa corporation; Sather's,     *
Inc., a Delaware corporation,   *
                                        *
    Appellee/Cross-Appellant.   *

_____

Submitted:  December 13, 1995

Filed:  March 15, 1995
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.


Donald Slathar appeals the judgment entered following an adverse jury verdict in his Age Discrimination in Employment Act claim, 29 U.S.C. §§ 621-634 (1994), alleging he was wrongfully terminated because of his age.  Slathar argues that the district court[1] erred by (1) instructing the jury on business judgment, (2) not allowing a former Sather's human resource manager to testify,  and (3) refusing to strike part of the company's closing argument.  We affirm.

_____

[1]The Honorable Donald D. Alsop, Senior Judge, United States District Court for the District of Minnesota.

Slathar was born in January 1935. He began working for Powell's Candies, Inc., a candy manufacturer, in 1976. Slathar's duties included supervising maintenance in the facility, keeping the equipment running, designing equipment, and plant engineering.

In November 1991, Sather's purchased the Powell's facility. Shortly thereafter, the company began restructuring the Powell's organization to more closely reflect Sather's organizational structure. Powell's maintenance department had always designed and built equipment in-house. In contrast, Sather's policy was to purchase equipment on the open market.

In January 1992, Sather's informed Slathar that he was being terminated in March. The company claimed Slathar's position as a design engineer was no longer needed, and his position was being eliminated. Slathar believed he was being fired because of his age, and replaced as maintenance supervisor by Ricky Vos, a Sather's employee in his thirties, who was transferred to the former Powell's facility to serve as Maintenance General Foreman.

Slathar sued Sather's. Following the pre-trial conference the district court dismissed Sather Trucking as a defendant and dismissed Slathar's tortious interference claim. The jury returned a special verdict on Slathar's Age Discrimination in Employment Act claim, finding that Slathar's age was not a determining factor in the company's decision to discharge Slathar. Based on the verdict, the district court made a finding of fact in Slathar's Minnesota age discrimination claim that the company did not discriminate against Slathar on the basis of age. The court entered judgment against Slathar and he appeals.

Slathar argues that the district court erred by instructing the jury on business judgment. He contends this instruction increased his burden of proof and materially misstated the law. He also argues that it was error to refuse to instruct the jury that if it found he was discharged because of his pay, they could consider that his pay was tied to his experience and age.

The district court instructed the jury that they must find for Slathar if age was a determining factor in his termination, and age is a determining factor only if the company would not have terminated Slathar but for his age. The court went on to instruct that an employer has the right to make business decisions, absent intentional age discrimination, "even if the factor motivating the decision to terminate is typically correlated with age; such as pension status, salary or seniority." The court submitted special interrogatories to the jury, and the jury specifically found that age was not a determining factor in Slathar's discharge.

"We review the district court's formulation of jury instructions for abuse of discretion. We must determine whether the jury instructions, taken as a whole, fairly and adequately submitted the issues in the case to the jury." Transport Ins. Co. v. Chrysler Corp., 71 F.3d 720, 723 (8th Cir. 1995) (citations and internal quotations omitted). "[T]he form and language of jury instructions are committed to the sound discretion of the district court so long as the jury is correctly instructed on the substantive issues in the case." Walker v. AT & T Technologies, 995 F.2d 846, 849 (8th Cir. 1993) (quoting Williams v. Valentec Kisco, Inc., 964 F.2d 723, 731 (8th Cir.), cert. denied, 506 U.S. 1014 (1992)).

"The ADEA is not intended to be used as a means of reviewing the propriety of a business decision." Gaworski v. ITT Commercial

Fin. Corp., 17 F.3d 1104, 1110 (8th Cir.), (quoting Jorgensen v. Modern Woodmen of Am., 761 F.2d 502, 505 (8th Cir. 1985)), cert. denied, 115 S. Ct. 355 (1994).  In Walker, 995 F.2d at 849, we held that, on the record there before us, the employer was entitled to have the jury instructed "that an employer may exercise business judgment in making personnel decisions."  An employer has the right to make business decisions, so long as they are made in a nondiscriminatory manner.  See Walker, 995 F.2d at 849-50.

Even if Slathar was terminated because of his high salary, age discrimination cannot necessarily be inferred.  See Bialas v. Greyhound Lines, 59 F.3d 759, 763 (8th Cir. 1995).  Slathar's "status as an experienced and thus higher paid employee [ ] does not in itself permit an inference of age discrimination."  Serben v. Inter-City Mfg. Co., 36 F.3d 765, 766 (8th Cir. 1994) (per curiam), cert. denied, 115 S. Ct. 1402 (1995).  Age discrimination may exist when an employer terminates an employee based on a factor such as experience or salary when the employer presupposes a correlation with age and uses that factor as a proxy for age. Hazen Paper Co. v. Biggins, 507 U.S. 604, 612-13 (1993).  However, a decision to terminate an employee solely because of salary or length of service is not age discrimination.  Id. at 611.  Age and these other factors are analytically distinct.  Id.

Relying on St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993), Slathar argues that the court's instruction confused the substantive issues that the jury was supposed to decide, somehow injecting procedural issues into the jury's decision and effectively increasing his burden of proof. St. Mary's Honor Center, 113 S. Ct. at 2746, was a Title VII case tried to the court.  The Court's discussion of McDonnell Douglas burden shifting offers no support for Slathar's argument.  Reading the instructions as a whole, it is evident that the jury's consideration was directed to whether age was the determining factor in the decision to discharge Slathar, and Slathar had the burden of proving that he

was discharged because of his age. While the instruction dealt with business judgment, pension status, salary, and seniority, the instruction plainly stated the ultimate issue for the jury's determination. See Walker, 995 F.2d at 849; Hazen Paper Co., 507 U.S. at 611-613. The district court did not abuse its discretion by giving the proffered instruction.

Furthermore, the district court did not abuse its discretion by refusing to instruct the jury that if it found that Slathar was discharged because of his pay, it could consider that his pay is tied to his experience and age. In proposing this instruction, Slathar misconstrues the Court's statement in Hazen Paper Co., 507 U.S. at 612-13, which noted that age discrimination may exist when an employer uses another factor as a proxy for age. The Age Discrimination in Employment Act requires that an employer not discriminate based on age. It does not require an employer to ignore an employee's other characteristics. The ultimate test is whether the company discriminated against Slathar because of his age, and the district court properly instructed the jury on this question.

## II.

Slathar next argues that the district court should have admitted the testimony of Anita Darnell, a former human resources manager at Sather's, regarding a phone conversation she had with Douglas Pendgraft, the Sather's Corporate Director of Personnel. Darnell said that she did not participate in the decision to terminate Slathar. Upon learning that Slathar had been terminated, Darnell telephoned Pendgraft and informed him that she believed terminating Slathar was a risky decision because Slathar was in a protected group based on his age and perhaps his disability. Pendgraft responded "that Sather's would take care of it."

The district court refused to allow Darnell's testimony on this subject, finding it was irrelevant under Federal Rule of Evidence 401 because Darnell had not participated in the employment decision, the conversation took place after the decision to terminate Slathar had been made, and it amounted to nothing more than her opinion regarding the company's potential exposure. Further, the court found that the value of the proposed testimony was far outweighed by its prejudicial impact. See Fed. R. Evid. 403.

"Admission of evidence is a matter for the district court's discretion and we will defer to the district court's ruling absent an abuse of discretion." Morgan v. Arkansas Gazette, 897 F.2d 945, 952 (8th Cir. 1990). Stray remarks and statements by nondecisionmakers are not direct evidence of discriminatory motive. See Beshears v. Asbill, 930 F.2d 1348, 1354 (8th Cir. 1991). Darnell's testimony that she told a senior manager that Slathar was in a protected class is not evidence of discrimination. See Bashara v. Black Hills Corp., 26 F.3d 820, 823-24 (8th Cir. 1994) (holding that human resources manager's expression of concern over possible age discrimination claim was the "equivalent of a stray remark" and did "not constitute evidence of discriminatory animus").

Darnell was not involved in the decision to terminate Slathar, and she did not offer her opinion of the decision until after it had been made. Pendgraft's response is much too ambiguous to be considered any sort of admission by company management, and it is not evidence of discriminatory intent.

The impact of Darnell's testimony would have been quite prejudicial. "Although it had no direct bearing on the issue to be decided . . . this testimony embellished the circumstantial evidence directed to that issue by adding `smoking gun' type evidence," the opinion of a company manager. Schrand v. Federal

<u>Pac. Elec. Co.</u>, 851 F.2d 152, 156 (6th Cir. 1988).  Such prejudice substantially outweighs any probative value the proposed testimony might have.  The district court did not abuse its discretion by excluding Darnell's testimony.

### III.

Slathar contends that the district court erred by not striking a portion of the company's closing argument.  Addressing the issue of damages and referring to the testimony of Slathar's expert Varns, the company argued:

> [L]adies and gentlemen, you'll recall Mr. Varns stated Mr. Slathar drew nine to eleven weeks of unemployment compensation. He worked 46 out of the 52 weeks that year, and yet he's drawing unemployment compensation, making $21.00 an hour, 32 to 40 hours a week.  Take a look at the exhibit when you get back there.  Ladies and gentlemen, that's a fraud against the State.

The district court overruled Slathar's objection to this argument. Slathar now argues that we should grant a new trial because this argument was based on evidence not contained in the record.

"[C]losing arguments are made under the direct control of the trial court.  We will not disturb the court's ruling unless an abuse of discretion occurred.  To constitute reversible error, statements made in closing argument must be plainly unwarranted and clearly injurious." <u>Pearce v. Cornerstone Clinic for Women</u>, 938 F.2d 855, 859 (8th Cir. 1991) (citations omitted).

The company's argument addresses both damages and Slathar's credibility as a witness.  Both parties argue the substantive issue of whether Slathar violated Minnesota law and actually committed fraud on the state.  Whether Slathar committed fraud on the state is certainly not a question for us to decide here, and it was not an issue for the jury in this age discrimination case.  Counsel's

conclusion that Slathar committed a fraud against the state, in our view, exceeds the bounds of zealous advocacy.

However, the district court instructed the jury several times that statements of counsel were not evidence in the case. Further, in denying Slathar's motion for a new trial, the court stated that the comment of defense counsel "was clearly not outcome determinative." We cannot conclude that this one sentence in the midst of the entire trial is so egregious as to warrant reversal. See Moses v. Union Pac. R.R., 64 F.3d 413, 417 (8th Cir. 1995) (holding that "[a]lthough we strongly disapprove of defense counsel's closing argument, we decline to reverse because plaintiff has failed to make a showing of prejudice").

We affirm the decision of the district court. Because we affirm, we need not reach the issues raised in the company's cross appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.