**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2064

_____

Francis H. Dupre,                           *
                                            *
          Appellant,                        *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Eastern District of Missouri.
Fru-Con Engineering Inc.,;                  *
Fru-Con Construction Corp.,                 *
                                            *
          Appellees.                        *

_____

Submitted:  January 13, 1997

    Filed:  April 24, 1997

_____

Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District Judge.

_____


BOWMAN, Circuit Judge.


     Francis H. Dupre brought this age discrimination action against Fru-Con Engineering Incorporated and Fru-Con Construction Corporation (collectively Fru-Con) under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1994), and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010-213.137 (1994).  The case proceeded to trial, the jury returned a verdict in favor of Fru-

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

Con, and the District Court[2] entered judgment in accordance with the verdict. Dupre appeals and we affirm.

Dupre began working for Fru-Con Engineering in 1986, at age fifty-four, as a manager of business development. In May 1987, he was named vice president of Fru-Con Construction (the parent company of Fru-Con Engineering) and senior vice president of Fru-Con Engineering. By May 1993, in addition to his senior vice president status with Fru-Con Engineering, Dupre was one of that corporation's four division managers. However, in May 1993, Dan Amsden, then-president of Fru-Con Engineering, relieved Dupre of his positions as division manager and senior vice president and offered Dupre a position as a senior project manager. Shortly thereafter, on June 10, 1993, Amsden terminated Dupre's employment with Fru-Con Engineering. Amsden states that his decision was based upon Dupre's poor performance as division manager, his inability to develop new business, the availability of better qualified and more experienced senior project managers, and the unavailability of a suitable position for Dupre at Fru-Con Engineering. Dupre contends that the decision was based in significant part on his age. His evidence in support of this contention includes the firing of John Linton, the only other division manager over age sixty, the day before Dupre's termination. The District Court excluded the proffered testimony of Hugh Weikart, a former Fru-Con Construction employee, that the person who was Fru-Con's director of human resources at the time of Dupre's firing had made comments several years earlier suggesting that the company's owners would not like a fifty-five-year-old job candidate because of his age.

---

[2]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, who presided over the case with the consent of the parties in accordance with 28 U.S.C. § 636(c) (1994).

On appeal, Dupre argues that the District Court erred by (1) instructing the jury that Linton's lawsuit had been decided adversely to him on the merits and that Linton's discharge could not be considered to raise an inference of age discrimination; (2) excluding Weikart's testimony; and (3) instructing the jury that it could not second guess Fru-Con's business decisions or question its means used to achieve a legitimate goal. Dupre further claims that the cumulative effect of these errors was to preclude a verdict in his favor.

**I.**

Dupre contends that the District Court erred in instructing the jury to limit its use of the testimony of John Linton. Linton, like Dupre, sued Fru-Con for age discrimination. Linton's case, however, did not survive Fru-Con's motion for summary judgment because the district court found that Linton had failed to establish a prima facie case of age discrimination. Specifically, that court determined that, because Linton's duties were assumed by an existing Fru-Con employee, Fru-Con had not attempted to replace Linton with a younger person. See Linton v. Fru-Con Constr. Corp., No. 4:94CV1635, Memorandum and Order at 12 (E.D. Mo. Dec. 8, 1995) (order granting summary judgment). Dupre, on the other hand, was replaced. Wary of the potentially prejudicial effect of Linton's testimony in this case, Fru-Con filed a motion in limine to exclude testimony of Fru-Con's alleged discrimination towards Linton. The District Court granted in part and denied in part Fru-Con's motion. In addition, the court, in Instruction 7, instructed the jury as follows:

> You have heard evidence from John Linton, a former employee of defendant Fru-Con Engineering, Inc. ("FCE"), regarding the fact of his termination from FCE and that he,

like the plaintiff, filed a lawsuit alleging he was discriminated against because of his age. You are instructed that Mr. Linton's lawsuit has been decided on the merits resulting in a final judgment in favor of the defendants. The fact that Mr. Linton was discharged cannot be considered by you to raise an inference that the plaintiff was discriminated against because of his age.

Dupre argues that this instruction is prejudicial in that it informs the jury that Linton's suit was decided on the merits and in that it instructs the jury that Linton's suit cannot be used to raise an inference of age discrimination.

Fru-Con argues that Dupre did not preserve for appeal its arguments concerning Instruction 7. Federal Rule of Civil Procedure 51 provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." "[T]he purpose of Rule 51 is to compel litigants to afford the trial court an opportunity to cure [a] defective instruction and to prevent litigants from ensuring a new trial in the event of an adverse verdict by covertly relying on the error." Missouri Pac. R.R. v. Star City Gravel Co., 592 F.2d 455, 459 (8th Cir. 1979), quoted in Barton v. Columbia Mut. Cas. Ins. Co., 930 F.2d 1337, 1341 (8th Cir. 1991). Rule 51 requires a litigant to state distinctly the specific objections to a jury instruction before the jury retires; otherwise, a litigant waives the right on appeal to object to a jury instruction on those grounds, see Commercial Property Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 643 (8th Cir. 1995), and "we will reverse only if the instruction amounts to plain error," see Rolscreen Co. v. Pella Prods., 64 F.3d 1202, 1211 (8th Cir. 1995).

Dupre's arguments concerning Instruction 7 were not properly preserved. The District Court conducted extensive discussions off the record in chambers concerning the jury instructions. After these discussions, the judge and the attorneys returned to the courtroom, where the court informed the parties that it would go through the instructions and "if we come to [an instruction] that anybody has an objection about, . . . you can certainly make your record on that objection." Trial Tr. vol. IV at 133. When Instruction 7 was read, Dupre's counsel made a "general objection" and stated, "[T]his instruction should not be given to the jury at all." Id. at 134. This general objection was insufficient to preserve the specific objections to the instruction that Dupre now seeks to raise. See Denniston v. Burlington N., Inc., 726 F.2d 391, 393 (8th Cir. 1984) (holding that general objection did not properly preserve the particularized grounds for objection raised on appeal).

Dupre contends that his arguments regarding Instruction 7 were properly preserved through his unrecorded objection made in chambers, before the judge and lawyers returned to the courtroom to make the record on the objections. Dupre argues that Rule 51 does not require that objections and the grounds therefor be on the record. To support this position, Dupre cites Niehus v. Liberio, 973 F.2d 526, 529-30 (7th Cir. 1992). The court in Niehus determined that the defendants had sufficiently preserved an objection for appellate review by properly objecting to the challenged instruction in an unrecorded instructions conference conducted in chambers. Upon returning to the courtroom, the trial court instructed the lawyers to make their objections on the record, but the court did not tell the lawyers to state the grounds for their objections on the record. Accordingly, the Seventh Circuit held that the defense counsel's uncontradicted affidavit, stating that a sufficient record was made in chambers, satisfied

Rule 51, which does not explicitly provide that objections be made on the record. Dupre's counsel similarly filed with our Court an affidavit stating that a sufficiently particularized objection was made in chambers, albeit off the record.

Niehus is of little help to Dupre. Initially, we note that Niehus is not the law in this Circuit. Our law on this subject is crystal clear: to preserve an argument concerning a jury instruction for appellate review, a party must state distinctly the matter objected to and the grounds for the objection on the record. See, e.g., Campbell v. Vinjamuri, 19 F.3d 1274, 1277 (8th Cir. 1994) (stating that "[s]pecific objection must be made on the record to preserve the error for appeal"); Farmland Indus. v. Frazier-Parrott Commodities, Inc., 871 F.2d 1402, 1408 (8th Cir. 1989) (holding that only a plain error analysis is necessary where party "never objected on the record to the court's failure" to give the requested instructions); Fulton v. Chicago, Rock Island and Pac. R.R., 481 F.2d 326, 339 (8th Cir.) (holding that compliance with Rule 51 "requires that there appear somewhere in the record an objection specifically delineating the objection and the grounds therefor"), cert. denied, 414 U.S. 1040 (1973).[3] Moreover, Niehus is readily distinguishable. In Niehus, the trial court instructed the attorneys "to make [your] objections on the record." 973 F.2d

---

[3]By filing an affidavit with this court detailing events which occurred off the record, Dupre's counsel is seeking to modify the content of the record to disclose what counsel avers actually transpired in the District Court. To accomplish this, Dupre should have filed a motion with that court pursuant to Federal Rule of Appellate Procedure 10(e). See Ratchford v. Manchester Life & Cas. Management Corp., 679 F.2d 741, 746 n.9 (8th Cir. 1982) (agreeing with appellees' position that appellant should have filed a motion under Federal Rule of Appellate Procedure 10(e) to modify record to reflect that an objection to the challenged instruction was made at an off-the-record instruction conference). Accordingly, Fru-Con's motion to strike the affidavit of Dupre's counsel is granted.

-6-

at 529.  In the present case, the trial court instructed the attorneys to "make your record on [your] objection."  Trial Tr. vol. IV at 133. Pursuant to Rule 51, making "your record" entails not only stating the objection, but also stating the specific grounds for that objection.  An examination of the on-the-record discussions concerning the remaining jury instructions shows that neither counsel merely rested on indefinite objections without stating on the record the specific grounds therefor. Id. at 135-141.[4]  When given the opportunity, Dupre's counsel did not make his record regarding Instruction 7; therefore, the arguments he raises on appeal are waived.  See Arthur Young & Co. v. Reves, 937 F.2d 1310, 1333 (8th Cir. 1991) (concluding that party did not make its record when given the opportunity during on-the-record proceedings conducted after off-the-record discussion between law clerks and counsel concerning proffered instructions), cert. denied sub nom.  Ernst & Young v. Reves, 502 U.S. 1092 (1992), and aff'd sub nom.  Reves v. Ernst & Young, 507 U.S. 170 (1993).

Under plain error review we reverse "only if the error prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected."  Rush v. Smith, 56 F.3d 918, 922 (8th Cir.) (en banc), cert. denied, 116 S. Ct. 409 (1995).  Dupre does not argue, nor do we hold, that the giving of Instruction 7 was plain error.

**II.**

Dupre also objects to jury Instruction 10, which provides:

---

[4]In fact, in addressing Fru-Con's objection to Instruction 9, Dupre's counsel made it a point "to clarify [his position] for the record."  Trial Tr. vol. IV at 136.

In determining whether defendants' legitimate non-discriminatory explanation for their decision to discharge the plaintiff is pretextual, you may not second guess defendants' business decision nor question the means they used to achieve a legitimate goal. Further, under the law, defendants have the right to terminate an employee's services for a good reason, a bad reason, or for no reason at all, as long as their reason for discharging the plaintiff is not the plaintiff's age.

Dupre takes issue with the phrase "defendants' legitimate non-discriminatory explanation." Dupre argues that Fru-Con had only a proffered non-discriminatory explanation for its discharge decision and that the conclusory language in Instruction 10 thus misstates the law and prejudices his case.

Once more, Dupre has failed to preserve his objection to an instruction for appellate review . When asked to make his record concerning jury Instruction 10, Dupre's counsel stated:

Your Honor, the Plaintiff objects to Instruction Number 10 for the same reason that we objected to Instruction Number 8, and that is, that taken in conjunction, the giving of Instructions 8 and 10 constitutes double instructing the jury on not examining the, -- it's double instructing the jury on the employer's proffered reason for having discharged the Plaintiff.

Trial Tr. vol. IV at 138. The record does not show that Dupre ever argued to the trial court that Instruction 10 was prejudicial due to the absence of words such as "stated" or "proffered," which would serve to qualify "defendant's legitimate non-discriminatory explanation." As a result, his objection on this ground has been waived, and we examine only for plain

error.  See Rolscreen, 64 F.3d at 1211.[5]  Our review does not disclose such an error.

---

[5]Even if the alleged error had been preserved for appellate review, we would hold that any ambiguity created by the absence of the desired prefatory language was adequately cleared up within Instruction 10 itself.  Though hardly a model of clarity, the instruction when read in its entirety is an accurate statement of the law.  See Slathar v. Sather Trucking Corp., 78 F.3d 415, 418 (8th Cir.) (stating that jury instructions must adequately and fairly present the issues to the jury and that "[a]n employer has the right to make business decisions, so long as they are made in a nondiscriminatory manner"), cert. denied, 117 S. Ct. 179 (1996).  "'Accordingly, we will not find error in instructions simply because they are technically imperfect or are not a model of clarity.'"  Ryther v. KARE 11, No. 94-3622, slip op. at 28 (8th Cir. Mar. 6, 1997) (en banc) (quoting Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 510 (8th Cir. 1992)).

Dupre also argues that he was prejudiced by the duplicative nature of Instructions 8 and 10.  In this instance, the alleged error was preserved for appellate review.  "[W]hen reviewing a claim of instructional error, we consider the instructions in their entirety and determine whether, when read as a whole, the charge fairly and adequately submits the issues to the jury."  Laubach v. Otis Elevator Co., 37 F.3d 427, 429 (8th Cir. 1994).  Repetitious instructions that place undue emphasis on a certain aspect of a party's case so as to prejudice the jury require reversal.  See Dobson v. Bacon Transp. Co., 607 F.2d 805, 807-08 (8th Cir. 1979).  Jury Instruction 8 provides:

Plaintiff's claim is based upon two statutes, the federal Age Discrimination in Employment Act and the Missouri state Human Rights Act.  Both laws prohibit employers from intentionally terminating an employee because of the employee's age.  These laws are intended to prohibit employers from intentionally discriminating against persons who are 40 years of age or older on the basis of their age.

However, these laws do not require that an employer retain those employees whom the Court or the jury consider most qualified for the job.  These laws require only that the employer's decision not be based on age.  When an employer decides to discharge one employee and not to discharge another and its determination is reasonably attributable to an honest and non-discriminatory, though partially subjective, evaluation of the employee's

> qualifications, no inference of a violation of the laws can be drawn.

Instruction 8 describes the purposes and the reach of the Age Discrimination in Employment Act and the Missouri Human Rights Act, while Instruction 10 more directly deals with pretext. Taken as a whole, the instructions fairly and adequately submitted the issues to the jury. See Slathar v. Sather Trucking Corp., 78 F.3d 415, 418 (8th Cir.) (standard of review), cert. denied, 117 S. Ct. 179 (1996). We hold that the instructions were not prejudicial and, though partially overlapping, did not unduly emphasize Fru-Con's "legitimate non-discriminatory explanation." See Tribble v. Westinghouse Elec. Corp., 669 F.2d 1193, 1198 (8th Cir. 1982) (holding that challenged instructions in age discrimination suit were not prejudicial or needlessly repetitive where each instruction had a distinct objective, the allegedly repetitious instructions appeared only twice and not consecutively, and each instruction correctly stated the law), cert. denied, 460 U.S. 1080 (1983).

## III.

Dupre next argues that the District Court erred in excluding from evidence Hugh Weikart's deposition testimony from a previous lawsuit. This testimony states that James Coleman, Jr., Fru-Con's human resources director at the time of Dupre's firing, previously had made remarks questioning whether Fru-Con's owners would want a fifty-five-year-old job candidate. Dupre, however, has not taken appropriate steps to preserve this issue for appeal.

Federal Rule of Evidence 103(a) provides that "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . (2) . . . the

substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." The record contains neither an offer of proof nor a context within which questions regarding Weikart's testimony were asked. In fact, Dupre can point to only a District Court minute entry granting Fru-Con's motion in limine to exclude Weikart's testimony for support in the record that the court was even aware of this testimony.[6]

Dupre argues that an offer of proof was unnecessary, and that in any event an offer of proof was made. Dupre contends that because the District Court unconditionally granted Fru-Con's motion in limine to exclude Weikart's testimony, this issue is preserved for appeal even absent an offer of proof. We disagree. "One of the most fundamental principles in the law of evidence is that in order to challenge a trial court's exclusion of evidence, an attorney must preserve the issue for appeal by making an offer of proof." Holst v. Countryside Enters., Inc., 14 F.3d 1319, 1323 (8th Cir. 1994) (noting that, even if pretrial motion in limine was intended to exclude certain evidence at trial, without an offer of proof, argument concerning exclusion of the evidence was not preserved for appeal). Dupre claims, however, that an offer of proof was made, but unbeknownst to him, it was unrecorded. We will only consider an offer of proof contained in the record. See Potts v. Benjamin, 882 F.2d 1320, 1323 (8th Cir. 1989) (determining that it was incumbent upon party challenging exclusion of evidence to

---

[6]Absent from the record is anything from which we can determine the reasons for the court's ruling excluding Weikart's testimony. Dupre claims that "[t]he district court ruled that the proffered evidence was too remote in time to have probative value." Appellant's Br. at 6. To support this assertion, however, Dupre cites "Tr. at," with no page reference. Dupre needed to take appropriate steps to make this ruling part of the record. See Fed. R. App. P. 10. Without a record of the trial court's reasons for the challenged evidentiary ruling, a meaningful review of that ruling is extremely difficult.

-12-

place such evidence into the trial record by offer of proof); see also United States v. Clark, 918 F.2d 843, 847 (9th Cir. 1990) (holding that, despite the contention that an offer of proof was made off the record, issue regarding exclusion of evidence was not preserved for appellate review where no offer of proof appeared in the record), overruled on other grounds by United States v. Keys, 95 F.3d 874, 878 (9th Cir. 1996) (en banc), petition for cert. filed, 65 U.S.L.W. 3507 (U.S. Jan. 9, 1997) (No. 96-1089).  Absent a proper offer of proof, we "review under the plain error standard and reverse only if there has been a miscarriage of justice." Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1362 (8th Cir. 1990). The plain error exception "must be confined to the most compelling cases, especially in civil, as opposed to criminal, litigation."  Johnson v. Ashby, 808 F.2d 676, 679 n.3 (8th Cir. 1987).  This is not such a case.

Even if this issue had been properly presented to the District Court and preserved for appeal, we would be unable to say that the District Court abused its discretion in refusing to admit Weikart's testimony.  See Slathar, 78 F.3d at 419 (standard of review).  The temporal remoteness of the remarks in question (four years before Dupre's firing) and the other circumstances of the case support the exclusion of Weikart's testimony under either Federal Rule of Evidence 402 (relevance) or Federal Rule of Evidence 403 (probative value substantially outweighed by danger of unfair prejudice).  See Slathar, 78 F.3d at 419-20 (determining that court did not abuse its discretion in excluding testimony of former human resources manager where she did not participate in the decision to terminate plaintiff, her comments occurred after the termination decision was made, and her comments would be quite prejudicial but have no direct bearing on an issue to be decided).

**IV.**

Finally, Dupre argues that the cumulative effect of the aforementioned errors was to preclude a verdict on his behalf. Because we have determined that these alleged errors are either unpreserved or are otherwise without merit, this argument must fail.

**V.**

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT