# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 97-3703

---

Loyal Gunderson, Executor of the    *
Estate of Nina Gunderson,    *
   *
       Plaintiff-Appellee,    *
   *
       v.    *   Appeal from the United States
   *   District Court for the
Steven W. Bigg,    *   Eastern District of Missouri.
   *
       Defendant-Appellant,    *
   *
DePaul Health Center, a corporation,    *
   *
       Defendant.    *

---

Submitted: May 12, 1998

Filed: June 3, 1998

---

Before BOWMAN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

---

HEANEY, Circuit Judge.

Steven W. Bigg, M.D. appeals from a judgment in the sum of $355,000 entered pursuant to a jury verdict in that amount and from denials of his motions for relief from judgment, judgment as a matter of law with respect to amending the judgment,

remittitur, or in the alternative for a new trial. We affirm as to all issues except remittitur. As to that issue, we grant a remittitur in the sum of $128,000.

Appellant's initial argument is that this case should be revised or remanded for a new trial because the verdict director for Gunderson's claim against Bigg was erroneous in that one or more of the disjunctive allegations were not supported by substantial evidence. The instruction read as follows:

> Your verdict must be for the plaintiff, Nina L. Gunderson, if you believe:
>
> First, defendant Steven W. Bigg, M.D., used medical instruments or devices that were either too hot to be used upon plaintiff, defective or not operating correctly, and
>
> Second, defendant Steven W. Bigg, M.D. was thereby negligent, and
>
> Third, as a direct result of such negligence plaintiff sustained damage.

(App. of Appellant at 94.)

We have reviewed the record carefully and are convinced that when the instructions are read in their entirety, they fairly and accurately submitted the issues to the jury. *Dupre v. Con Eng'g, Inc.* 112 F.3d 329, 335 (8th Cir. 1997). We believe that the jury clearly understood that Dr. Bigg could only be liable if he used a speculum that was too hot. Thus, even if the instruction was unartfully drafted, it did not mislead the jury or unfairly prejudice Dr. Bigg.

Dr. Bigg's second argument is that judgment as a matter of law should be granted because Gunderson failed to make a submissible case of malpractice. We

disagree. Missouri law requires that a plaintiff plead and prove (1) that an act or omission of the defendant failed to meet the requisite medical standard of care, (2) that the act or omission was performed negligently, and (3) a causal connection between the act or omission and the injury sustained by the plaintiff. *Tempkins v. Kusama,* 822 S.W.2d 463 (Mo. App. E.D. 1991). There is more than sufficient evidence to support each required element. Not only did plaintiff's expert testimony support each element, but the operating nurses warned Dr. Bigg that the speculum was too warm or hot.

Dr. Bigg's final argument is that the award of future medical damages in the sum of $138,000 is not supported by substantial evidence. We agree and direct the district court to enter a remittitur in the sum of $128,000. There simply is little or no evidence to support a verdict of more than $10,000, the sum asked for in Gunderson's closing arguments.

We therefore affirm in part, reverse in part, and remand to the district court to order a remittitur in the sum of $128,000.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3