# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3173
No. 98-3308
No. 98-3382

_____

| | | |
|---|---|---|
| Deane Scamardo, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Scott County, Arkansas, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

_____

Submitted:  April 21, 1999.

Filed:  August 25, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.

_____

BEAM, Circuit Judge.

Scott County (the County) appeals from a jury verdict and judgment in favor of Deane Scamardo on her Title VII retaliation claim.  For the reasons discussed below, we reverse and remand for a new trial.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

## I.    BACKGROUND

Deane Scamardo was employed with the County as Solid Waste Manager and as Director of the Office of Emergency Services.  In 1996, she, along with three other female employees, filed a Title VII claim of sex discrimination, based on unequal pay, against the County (first lawsuit).  That suit was settled on or about January 2, 1997.  A few days earlier, on December 30, 1996, the Scott County Quorum Court (Quorum Court), which is composed of nine members,[2] had held a special meeting during which it discussed proposed changes for the 1997 budget, including the matter of transferring solid waste management duties to the sheriff's department.[3] A committee was appointed to study this change, particularly whether the sheriff's department would need additional staff to take on the new duties.  The committee eventually determined that the department had sufficient resources to handle the solid waste duties.

On January 6, 1997, at the budget meeting, the Quorum Court enacted an ordinance which transferred the duties associated with solid waste management to the sheriff's department and eliminated from the budget funding for the position of Solid Waste Manager.  At that same meeting, the Quorum Court also voted to reduce the employment hours for the Office of Emergency Services from 30 hours per week to 12.44 hours per week.  This reduction made Scamardo ineligible for continued health care coverage.  Scamardo then filed this lawsuit against the County alleging that the Quorum Court's actions, which effectively eliminated most of her employment with the County, were in retaliation for her participation in the first lawsuit, and in violation of

---

[2]The Quorum Court is the legislative branch of Scott County government.  It is comprised of members elected in nine separate Justice of the Peace districts and its primary responsibility is budgeting.  The Quorum Court can only legislate through a majority vote for ordinances and supermajority for appropriations.

[3]In Scott County, the sheriff also functions as the county tax collector.

Title VII.[4] The County moved for summary judgment on various grounds including the assertion that the County itself could not be held liable because Scamardo had failed to show that a significant percentage of the Quorum Court members had voted on the basis of a retaliatory motive.[5] The district court denied the motion. A jury trial followed. After presentation of Scamardo's case-in-chief, the County moved for judgment as a matter of law (JAML). This motion was also denied. The jury returned a verdict in favor of Scamardo in the amount of $8,700 lost wages and $225,000 compensatory damages. In compliance with 42 U.S.C. § 1981, the district court reduced the amount of compensatory damages to $50,000.[6]

On appeal, the County asserts two grounds for reversal. First, it reasserts its argument that no liability can be attributed to the County because Scamardo failed to establish that a significant percentage of the Quorum Court members harbored an improper motive. In the alternative, the County contends that even if the case was

---

[4]Deanne Scamardo was subsequently rehired by the County on a full-time basis after this lawsuit was filed.

[5]The other grounds raised by the County in its motion for summary judgment were: (1) Scamardo had failed to exhaust her administrative remedies; and (2) the County was entitled to legislative immunity. In its order denying summary judgment, the district court noted that the doctrine of legislative immunity was traditionally asserted in cases involving individual legislators sued under section 1983, where as here the suit was against the County itself. The court then stated "If the County wishes to pursue legislative immunity as a defense to this action, it should brief the issue with more care." The County, however, did not follow up on this invitation, nor is legislative immunity discussed at any point in the County's brief on appeal. Consequently, we do not consider the issue.

[6]42 U.S.C. § 1981a(b)(3)(A) provides that the amount of compensatory and punitive damages awarded shall not exceed $50,000 for each complaining party in the case of a respondent who has "more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year."

properly submitted to the jury, the district court erred in failing to give the jury a "business judgment" instruction.

## II. DISCUSSION

### A. Improper Motive by the County

Title VII prohibits an employer from retaliating against an employee because he or she "has opposed any practice made an unlawful employment practice by this subchapter," or "has made a charge" or "participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). At the most, the County contends, Scamardo presented sufficient evidence from which a jury could adduce that *two* of the nine Quorum Court members harbored a retaliatory motive towards Scamardo. The County argues, however, that Title VII liability cannot be imputed to the County as a whole on such a slim foundation, but rather that a significant percentage of the legislators must be spurred by an impermissible motive before the County can be held liable for the adoption of a facially neutral ordinance. Therefore, it claims that the district court erred in denying its motion for JAML and thus the verdict should be vacated and the complaint dismissed.

We review de novo the denial of a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, applying the same standard as the trial court. See Cross v. Cleaver, 142 F.3d 1059, 1066 (8th Cir. 1998). The jury verdict must be affirmed unless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party. See id. Judgment as a matter of law is appropriate only when the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. See id.

We are not persuaded by the County's argument that a plaintiff seeking to hold a municipality liable for violations of Title VII must show that a majority of legislators were motivated by an impermissible motive before the case can go to the jury. We think the question of whether and to what extent retaliatory animus permeated the Quorum Court's vote on the night of January 6, is a question best resolved by the jury. The jury was presented with testimony that some of the Quorum Court members had made comments suggesting that they wanted to get rid of Scamardo. There was also Scamardo's testimony that she had experienced problems with two of the Quorum Court members after she had joined in the first lawsuit. The jury also heard testimony from the Quorum Court members themselves disavowing any retaliatory motive for their votes. We think it was up to the jury to decide the extent to which it believed or disbelieved the testimony it heard. The jury could have disbelieved the legitimate reasons offered by the Quorum Court members for the actions they took. Even if the jury believed that only two of the nine Quorum Court members were motivated by animus towards Scamardo, it may have concluded that those two had successfully persuaded or influenced the others to vote with them.

## B. The Business Judgment Instruction

The County argues that even if the case was properly submitted to the jury, the district court erred in refusing to instruct the jury on the "business judgment" instruction proffered by the County, and therefore this court should reverse and remand for a new

trial.[7]   At the instructions conference, the County proposed the following instruction based on Model Jury Instruction 5.94:

> You may not return a verdict for plaintiff just because you might disagree with defendant's decision or believe it to be harsh or unreasonable.

Although the plaintiff raised no objection to this proposed instruction, the district court rejected it.  Instead, it instructed the jury to find for Scamardo if her filing of the first lawsuit "was a factor that played a part in" the County's decision and if the preponderance of the evidence showed that the County would have reduced Scamardo's employment "regardless of her exercise of her federal rights."

On appeal, we read the jury instructions as a whole and consider them in light of the entire charge.  See Walker v. AT&T Techs., 995 F.2d 846, 849 (8th Cir. 1993).  "'[T]he form and language of jury instructions are committed to the sound discretion of the district court so long as the jury is correctly instructed on the substantive issues in the case.'"  Id. (quoting Williams v. Valentec Kisco, Inc., 964 F.2d 723, 731 (8th Cir. 1992)).  Furthermore, before an appellant is entitled to any relief on the ground that the trial court erred in not giving an instruction, the error must be prejudicial.  See id.  Nevertheless, we have previously stated that "when a proposed instruction addresses an issue that is crucial to a fair presentation of the case  to the jury, the trial court has the obligation to give an appropriate instruction on that issue" (although not necessarily

_____

[7]The County also contends that the district court erred in rejecting its proffered instruction that the plaintiff must show that an improper motive existed among a significant percentage of the legislators.  Given our earlier discussion on this issue, we do not find this omission  to be reversible error.  The County also claims that the district court did not properly instruct the jury on the "mixed-motives" standard, specifically whether Scamardo's participation in the first lawsuit was "a motivating factor" in the County's vote.  Because we reverse on the basis of the district court's failure to give the business judgment rule, we need not reach this issue.

in the wording of the proposed instruction). <u>Id.</u> We stated in <u>Stemmons v. Missouri Department of Corrections</u>, 82 F.3d 817, 819 (8th Cir. 1996), that "[i]n an employment discrimination case, a business judgment instruction is 'crucial to a fair presentation of the case,' [and] the district court must offer it whenever it is proffered by the defendant." <u>Id.</u> (quoting <u>Walker</u>, 995 F2d at 849). We think this directive applies with equal force to this employment retaliation case. Therefore, the district court's refusal to give a business judgment instruction when requested by the County was error. The inquiry then becomes whether this error resulted in prejudice to the County.

The County asserts that because its basic defense of the Quorum Court's decision to reduce Scamardo's employment hinged on the budgetary constraints faced by the County in 1997, omission of the business judgment instruction severely prejudiced its case. Scamardo asserts, on the other hand, that in light of the direct and circumstantial evidence presented, the error, if any, was not prejudicial. At trial, the County contended that the Solid Waste Manager position was eliminated because of major fiscal constraints, including a twenty-five thousand dollar debt in the solid waste budget, and the need to make the collection of solid waste taxes more productive and efficient. It also contended that the hours for the Office of Emergency Services were cut because of reduced state and federal funding. We agree with the County that the business judgment instruction goes to the heart of its defense. Scamardo would have us follow our decision in <u>Stemmons</u>, where we held that the district court's failure to give the business judgment instruction was not prejudicial in light of evidence which "strongly suggested" that race had played a part in denying the plaintiff a promotion. <u>See</u> <u>Stemmons</u>, 82 F.3d at 821. Having reviewed the record, we do not think that the evidence presented rises to the same level as that in <u>Stemmons</u>. Accordingly, we reverse and remand for a new trial.

Finally, we note that Scamardo filed two notices of cross-appeal regarding the district court's award of attorney's fees in her case and its denial of her motion for

reconsideration. In her brief, Scamardo tersely states that "she is abandoning [these] appeals." Accordingly, they shall be dismissed.

## III. CONCLUSION

For the foregoing reasons, the decision of the district court is reversed, and the case remanded for further proceedings consistent with this opinion. Cases numbered 98-3308 and 98-3382 are dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.