# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2737

———————

Donald E. Ostertag,      *
         *
     Plaintiff-Appellant,      *
         *    Appeal from the United States
     v.      *    District Court for the
         *    District of Minnesota.
The Historic Theater Group, Ltd.,      *
         *      [UNPUBLISHED]
     Defendant-Appellee.      *

———————

Submitted: May 12, 2000
Filed: June 7, 2000

———————

Before McMILLIAN, BRIGHT, and WOOD,[1] Circuit Judges.

———————

PER CURIAM.

After he was passed-over in favor of younger job candidates, Donald E. Ostertag ("Ostertag") sued The Historic Theater Group, Ltd. ("HTG") and alleged a violation of the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). On summary judgment, the district court dismissed Ostertag's complaint because HTG offered nondiscriminatory reasons for discharging Ostertag, and he, in turn, failed to show that those reasons were pretextual. Ostertag appeals. We affirm.

---

[1]The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

Ostertag is a sixty-one-year-old man. Since 1966, as a member of the International Alliance of Theatrical Stage Employees (the "Union")[2], he has worked in numerous theatrical productions as a stagehand and department head—supervising carpenters, electricians, and props. HTG manages the Historic State and Orpheum Theaters ("Theaters") in Minneapolis, Minnesota.

Ostertag applied for positions as an operations assistant for various shows to be produced at the Theaters. Although HTG selected six applicants, it rejected Ostertag. Of the six individuals hired by HTG to fill the operations assistant positions, only one was over forty years of age at the time of hiring. In addition, Ostertag had more stage and theatrical work experience than any of the individuals hired by HTG. Thus, Ostertag brought suit contending HTG discriminated against him because of his age, in violation of the provisions of the ADEA.

In granting summary judgment for HTG, however, the district court, among other evidence, quoted, and credited, the affidavit testimony of HTG's president, Herbert Frederick Krohn, Jr. as follows:

> Based on these incidents and complaints, as well as my own observations that Mr. Ostertag was often argumentative, temperamental and disruptive, and had problems working with his fellow stagehands and clients, I decided that Mr. Ostertag did not fulfill the criteria for the Operations Assistant positions. In particular, I did not believe that Mr. Ostertag had the ability to interface with theater clients in a professional and problem-solving way, nor work with the current operations managers

---

[2]Previously, the Union had provided stagehands and department heads for theatrical productions. Ostertag, as a senior union member, filled many of the positions as operations assistant on assignment from the Union. A new union contract in late 1994 permitted HTG to hire full-time positions as operations assistants. The controversy with Ostertag arose in the filling of these positions.

and operations assistants as a member of an effective and cohesive team.

Dist. Ct. Op. at 7. On this affidavit and other corroborating evidence, the district court concluded HTG had articulated a legitimate, nondiscriminatory reason for selecting others instead of Ostertag.

Further, the district court determined that Ostertag provided no evidence to establish pretext in the employer's decision. The district court observed:

> Plaintiff does not present evidence sufficient to challenge directly the basis for or the validity of Defendant's proffered reason for the adverse employment action. To the contrary, Plaintiff does not deny engaging in the "argumentative, temperamental and disruptive" behavior upon which Defendant bases its conclusion that he lacks "ability to interface with theatre clients in a professional and problem-solving way" and the ability to work "as a member of an effective and cohesive team." Rather than presenting evidence to refute the foundation for HTG's proffered reason for failing to hire Plaintiff, Plaintiff attempts to minimize the altercations and "inappropriate" behavior that comprise such foundation.

Dist. Ct. Op. at 14.

Ostertag asserts that, as a member of the Union, he has rendered excellent services for theatrical productions and that his occasional temperamental episodes should not disqualify him from serving as the operations assistant for HTG. Ostertag's assertion relates to a business judgment—which is the prerogative of the employer to make—and is not a matter for the courts to overturn. See Slathar v. Sather Trucking Corp., 78 F.3d 415 (8th Cir. 1996); Walker v. AT & T Techs., 995 F.2d 846 (8th Cir. 1993).

Our review reveals no error of fact or law. Accordingly, we affirm for the reasons set forth by United States District Judge Michael J. Davis in his well-reasoned and well-documented opinion.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.