# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2771

_____

Jill Denise Olsen, in her capacity as Chapter 7 Trustee for Xurex, Inc.

*Plaintiff - Appellee*

v.

Giacomo E. Di Mase; Leonard P. Kaiser; Tristam G. Jensvold; Steve McKeon

*Defendant*s

Lee O. Kraus, Jr.

*Defendant - Appellant*

Jose Di Mase; DuraSeal Pipe Coatings Company, LLC; DuraSeal Holdings, S.r.L.;
Joseph Johnston; Dietmar Rose; Robert Olson; HDI, Holding Development
Investment S.A.

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 22, 2021
Filed: January 31, 2022

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Xurex, Inc. filed for Chapter 7 bankruptcy. The trustee sued Lee O. Kraus, Jr. and 20 other defendants for breach of fiduciary duty and civil conspiracy. As relevant here, the jury returned a verdict for the trustee against Kraus for conspiracy to breach fiduciary duties. Kraus appeals the verdict and the district court's[1] denial of his motions for judgment as a matter of law, a new jury trial, the entries of judgment, and "all adverse rulings subsumed within." Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 2010, DuraSeal Pipe Coatings Company, LLC (DPCC) signed an exclusive North American license agreement with Xurex, a manufacturer and patent holder of protective coatings. The agreement required DPCC to make minimum monthly purchases and pay royalties through 2018.

Jose Di Mase owned and controlled DuraSeal Holdings, S.r.L. It acquired DPCC in 2011 and made a similar worldwide licensing agreement with Xurex.[2] Di Mase hired Kraus as a consultant to help with the deal. Kraus also had a contract with Di Mase's "personal investment vehicle," Holding Development Investment, S.A. (HDI).

In early 2014, Xurex CEO Leonard P. Kaiser, Jose Di Mase, and Xurex directors Giacomo E. Di Mase and Tristram G. Jensvold began discussing bankruptcy with Kraus. Kraus drafted and arranged a 2014 Amendment to the 2010 agreement between Xurex and DuraSeal. The Amendment gave manufacturing and production rights to DuraSeal, eliminated any minimum purchase obligations, *but*

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, who took inactive status on September 1, 2020.

[2]DuraSeal Pipe Coatings Company, DuraSeal Holdings S.r.L., and their combination will be referred to as "DuraSeal" unless otherwise noted.

allowed DuraSeal to keep its exclusive licenses. Kraus signed the Amendment on behalf of DuraSeal as "CEO."

Later in 2014, Xurex filed for bankruptcy. The Chapter 7 trustee sued Kraus and others for conduct leading up to and including the 2014 Amendment. Kraus was named in only one of the two claims presented to the jury—civil conspiracy.

Two months before trial, Kraus's counsel withdrew. He proceeded pro se. He orally moved for judgment as a matter of law. Post-trial Kraus again moved for judgment as a matter of law or a new trial. The district court denied his post-trial motions on preservation and substantive grounds. Kraus appeals the denial of his post-trial motions, the jury verdict, the judgment, and all adverse rulings subsumed within.

## II.

A motion for judgment as a matter of law under 50(a) "must specify… the law and facts that entitle the movant to the judgment." **Fed. R. Civ. P. 50(a)(2)**. "A post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion." *Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 834 (8th Cir. 2019).

This court reviews for abuse of discretion the district court's determination about what grounds were raised by a 50(a) motion. *Hurst v. Dezer/Reyes Corp.*, 82 F.3d 232, 237 (8th Cir. 1996). This court reviews de novo the denial of a renewed motion for judgment as a matter of law. *Burroughs v. Mackie Moving Sys. Corp.*, 690 F.3d 1047, 1052 (8th Cir. 2012).

In Kraus's oral 50(a) motion for judgment as a matter of law, he listed the elements of a civil conspiracy but did not cite any particular elements as unproven or lacking sufficient evidence. In his 50(b) motion post-trial, Kraus argued for the first time that there was no evidence of an unlawful overt act in furtherance of the conspiracy; plaintiff's theory of damages was unsupported and ignored DuraSeal's right to terminate minimum purchases; and the breach-of-fiduciary duty claims

underlying the conspiracy claim should have been dismissed for bootstrapping and duplicating the breach-of-contract claims.

The post-trial motion challenged wholly different grounds than the pre-verdict motion. The district court thoroughly considered Kraus's argument that he did preserve the 50(b) issues, distinguishing *Kaplon v. Howmedica, Inc.*, 83 F.3d 263, 266 (8th Cir. 1996); *Jarvis v. Sauer Sundstrand Co.*, 116 F.3d 321, 323 n.4 (8th Cir. 1997); *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 323 (8th Cir. 2018); and *Hurst*, 82 F.3d at 237. The district court ruled that Kraus's 50(a) motion lacked particularity and failed to put the plaintiff on notice of the arguments in his later 50(b) motion. The district court did not abuse its discretion in ruling that the earlier motion failed to preserve the arguments in the 50(b) motion, and properly denied it.

Kraus asked the district court to excuse his lack of compliance with Rule 50 because he was pro se at trial. "A document filed *pro se* is to be liberally construed." **Erickson v. Pardus**, 551 U.S. 89, 94 (2007). The district court concluded that even liberally construed, the 50(a) motion "does not implicate, in any way, the arguments he raises in his Rule 50(b) motion." In its order denying the 50(b) motion, the district court did add that because "Kraus was the most active trial participant and, *inter alia*, was the only Defendant to cite case law and argue about judge versus jury determinations," he was not entitled to have his motion liberally construed. There is, however, no different standard for pro se defendants who are "active" participants in their defense. Kraus, a non-attorney, was entitled to the same liberal construction as other pro se litigants. Regardless, the district court properly denied the 50(b) motion.

## A.

Kraus claims he is entitled to judgment as a matter of law on the civil conspiracy claim because there was no third party to the 2014 Amendment. Although he failed to address it in his 50(a) motion, Kraus did raise the issue at the

summary judgment stage and in a jury instruction conference. The district court replied that its final jury instructions would serve as a ruling on the issue. Instruction No. 18 explained that a "corporation cannot conspire with its own employees or agents unless the employee or agent has an independent personal stake in achieving the object of the conspiracy." Kraus did not object to the final jury instructions.

Regardless, Kraus is wrong about the third-party requirement under Missouri law (which the parties agree governs the conspiracy claim). In general, "a corporation cannot conspire with its own employees," but there is an exception "when an employee has an independent personal stake in achieving the object of the conspiracy." *Mika v. Cent. Bank of Kansas City*, 112 S.W.3d 82, 94 (Mo. App. 2003).

In support of his third-party-required argument, Kraus relies on *Missouri Highway & Transp. Comm'n v. Commerce Bank of Kansas City*, 763 S.W.2d 172, 176-77 (Mo. App. 1988). As the district court explained, that case involved parties on opposite sides of a contract conspiring to breach it. Here, in contrast, the conspiracy was to breach a fiduciary duty, and the defendants each had conflicts of interest, independent personal stakes, or knew about those conflicts and willingly participated in the conspiracy regardless. The district court discussed at length, from the evidence at trial, the "intricate web of connections" among many parties and non-parties to the agreement. Specifically, there was sufficient evidence that Kraus was not a formal agent of DuraSeal, or that he had an independent stake either as a contractor for HDI, or as a consultant to Jose Di Mase, both third parties to the 2014 Amendment. There is sufficient evidence for the jury's verdict.

B.

Kraus did not present an argument to the district court that Missouri law requires an "unlawful act" in furtherance of a conspiracy. At trial, he listed the elements of a civil conspiracy without mentioning the requirement of an "unlawful act" he now alleges on appeal.

-5-

Regardless, Kraus's interpretation of Missouri law is incorrect. "A 'civil conspiracy' is an agreement or understanding between persons to do an unlawful act, or to use unlawful means to do a lawful act." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 780-81 (Mo. banc 1999). "The term unlawful, as it relates to civil conspiracy, is not limited to conduct that is criminally liable, but rather may include individuals associating for the purpose of causing or inducing a breach of contract or business expectancy." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012). Here the jury found that (1) Kraus conspired with others to eliminate the minimum-purchase obligations and/or create the rights to manufacture and produce Xurex products, (2) he agreed with that purpose, (3) he knew that CEO Kaiser had a fiduciary duty, (4) he acted in furtherance of the agreement, knowing it was not in Xurex's best interests, and (5) Xurex was damaged. There was sufficient evidence for the jury to find civil conspiracy.

## III.

Kraus argues for a new trial or reversal due to alleged inconsistency and insufficient evidence to support the verdicts. This court reviews the denial of a new trial for clear and prejudicial abuse of discretion. *Amplatz v. Country Mut. Ins. Co.*, 823 F.3d 1167, 1172 (8th Cir. 2016). "In reviewing the sufficiency of the evidence to support the jury's verdict, we interpret the record in a light most favorable to the prevailing party, affirming unless no reasonable juror could have reached the same conclusion." *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, 543 F.3d 987, 991 (8th Cir. 2008).

"[A] party waives any objection to an inconsistent verdict if she fails to object to the inconsistency before the jury is discharged." *Williams v. KETV Television, Inc.*, 26 F.3d 1439, 1443 (8th Cir. 1994). Here, Kraus did not object to the verdict forms nor seek any clarification of the inconsistency before the jury was discharged (first raising the claim in his post-trial motions). He waived the several arguments he now raises about the language of the verdict director and the inconsistency of the verdict.

Ignoring his waiver, Kraus claims the court erred in merging the overlapping damages awards in the jury verdicts. But courts must "reconcile and preserve" jury verdicts "whenever possible." *Matrix Grp. Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 592 (8th Cir. 2007). While "a party is entitled to proceed on various theories of recovery, a party is not entitled to collect multiple awards for the same injury." *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 742 (8th Cir. 2000). When a plaintiff's damage theories overlap, entering judgment on the larger of the two amounts is an appropriate remedy. *Id.* Because plaintiff's damage theories for civil conspiracy and breach of fiduciary duty were the same, the district court properly entered judgment on the larger of the two amounts. Kraus, Tristram Jensvold, Giacomo Di Mase, Leonard Kaiser, and HDI, Inc. are not personally liable for the larger amount, but jointly and severally liable for only the smaller amount, $24,414,522.

IV.

This court's review of unpreserved instructional error in jury instructions is limited to plain error. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 462 (8th Cir. 2015). "Parties must make a timely objection to jury instructions, stating 'distinctly the matter objected to and the grounds for the objection.'" *Moore v. Am. Family Mut. Ins. Co.*, 576 F.3d 781, 786 (8th Cir. 2009), *quoting* **Fed. R. Civ. P. 51(c).** "The mere tender of an alternative instruction without objecting to some specific error in the trial court's charge or explaining why the proffered instruction better states the law does not preserve the error for appeal." *Farmland Indus. v. Frazier–Parrott Commodities, Inc.*, 871 F.2d 1402, 1408 (8th Cir. 1989). Although the district judge discussed the matter of objections with Kraus several times during their conferences on the jury instructions, Kraus did not object to the jury instructions.

Because Kraus did not object to the instructions, he "must show that an obvious error in the jury instructions affected his substantial rights and that the error seriously affected the integrity, fairness, or public reputation of judicial proceedings." *Stanley*, 784 F.3d at 463. This court should not review a jury instruction "in a vacuum," but rather "must view the instruction along with the

evidence adduced at trial." *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081, 1092 (8th Cir. 2006). Contrary to Kraus's assertion, the "and/or" clause in Instruction No. 29, read in the context of the rest of the jury instructions, did not instruct the jury that Kaiser's participation was optional. As discussed above, the district court properly refused Kraus's erroneous instructions on third parties and unlawful overt acts in civil conspiracy. The district court did not plainly err in instructing the jury on the claim for conspiracy to breach fiduciary duties (Instruction No. 29) or the definitions and legal statements in the other instructions.

Kraus maintains the district court erred in instructing the jury about "entire fairness." Although the verdict director on civil conspiracy did not refer to entire fairness, it was a factor in the verdict director on breach of fiduciary duty—the predicate to the conspiracy claim.

"When a transaction involving self-dealing by a controlling shareholder is challenged, the applicable standard of judicial review is entire fairness, with the defendants having the burden of persuasion." *Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1239 (Del. 2012). *See generally In re Cornerstone Therapeutics, Inc., S'holder Litig.*, 115 A.3d 1173, 1180 (Del. 2015) (describing when "entire fairness" applies to breach of the duty of loyalty, rather than "subjective bad faith"). The evidence at trial supported an instruction on entire fairness based on Jose DiMase's self-dealing as a controlling shareholder. There was no obvious error in the district court's instructions, which incorporated the applicable law on entire fairness and submitted the issue to the jury.

Kraus did not object at trial to the trial management rulings he now appeals. To the extent that any objection was preserved, the court was within its discretion to deny his untimely attempt to designate deposition testimony, in allotting time for closing argument, and in limiting Kraus's examination of the trustee. *See Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010).

Kraus's remaining challenges to "all adverse rulings" and the "cumulative effect of errors" are likewise without merit.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____