# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2694

_____

Karen Backues Keil

*Plaintiff   Appellee*

v.

Jane or John Doe #1

*Defendant*

Edward Bearden

*Defendant   Appellant*

Jane or John Doe #2; Jane or John Doe #3

*Defendants*

_____

No. 22-2697

_____

Lynnsey Christie Betz

*Plaintiff   Appellee*

v.

Edward Bearden

*Defendant   Appellant*

Jane or John Doe #1; Jane or John Doe #2

*Defendants*

_____

No. 22-2698

_____

Ashley Olsen Zieser

*Plaintiff   Appellee*

v.

Edward Bearden

*Defendant   Appellant*

Jane or John Doe #1; Jane or John Doe #2

*Defendants*

_____

No. 22-2699

_____

Trenady George

*Plaintiff   Appellee*

v.

Edward Bearden

*Defendant   Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: March 10, 2023
Filed: March 16, 2023
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, former correctional officer Edward Bearden appeals following the district court's[1] judgment on an adverse jury verdict. Four plaintiffs sued Bearden under 42 U.S.C. § 1983, alleging that he violated the Eighth Amendment by sexually assaulting them when they were inmates at the Chillicothe Correctional Center. The district court granted plaintiffs' motion to consolidate the actions for trial under Federal Rule of Civil Procedure 42(a), and the jury found Bearden liable in each case, awarding each plaintiff $3.5 million in compensatory damages and $1.5 million in punitive damages. Bearden moved for a new trial under Federal Rule of Civil Procedure 59(a), or for remittitur, and the district court denied his motion. We affirm.

We find no abuse of discretion in consolidating plaintiffs' actions for trial, as consolidation promoted judicial efficiency and outweighed the minimal prejudice to Bearden, and as the identical damages awarded to each plaintiff were insufficient to show jury confusion. See Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1315 (11th

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

Cir. 2017) (rejecting argument that consolidation led jury to believe plaintiffs' claims were more likely to be true, and noting that, absent consolidation, plaintiffs would have been able to submit evidence of others with similar injuries; identical damages awards, without more, were not sufficient evidence of juror confusion to show abuse of discretion in consolidation); EEOC v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998) (standard of review; consolidation was appropriate to avoid inefficiency of separate trials involving related parties, witnesses, and evidence).

We also find no abuse of discretion in the district court's evidentiary ruling excluding the recording of a telephone call between Bearden and plaintiff Trenady George. See United States v. Wallace, 852 F.3d 778, 784 (8th Cir. 2017) (no abuse of discretion in excluding appellant's videotaped statement as cumulative of her testimony regarding statement); Coterel v. Dorel Juv. Grp., Inc., 827 F.3d 804, 807 (8th Cir. 2016) (standard of review; appellate court will not disturb jury's verdict unless district court clearly abused its discretion in evidentiary ruling and error prejudicially influenced outcome of trial); Amplatz v. Country Mut. Ins. Co., 823 F.3d 1167, 1172-73 (8th Cir. 2016) (appellant was not prejudiced by exclusion of evidence, as other evidence relating to matter was admitted, and she could have called witness to adduce excluded evidence).

Finally, we find no abuse of discretion in the denial of remittitur, particularly given the reprehensibility of Bearden's conduct. See J.K.J. v. Polk Cnty., 960 F.3d 367, 376 (7th Cir. 2020) (en banc) (affirming judgment awarding identical damages to 2 inmates who sued corrections officer for sexually assaulting them; while assaults uniquely affected each inmate, they did not necessitate different damages amounts); Miller v. Huron Reg'l Med. Ctr., 936 F.3d 841, 846 (8th Cir. 2019) (standard of review; remittitur is reserved for cases where verdict is so grossly excessive as to shock conscience); Lee ex rel. Lee v. Borders, 764 F.3d 966, 975-76 (8th Cir. 2014) (upholding jury award of $3 million in compensatory damages and $1 million in punitive damages to § 1983 plaintiff who was sexually assaulted once by worker at

mental health facility and who developed post-traumatic stress disorder; worker's conduct abused position of trust and was reprehensible, justifying punitive damages).

The judgment is affirmed. <u>See</u> 8th Cir. R. 47B.

_____